## 47558. CONTINENTAL INSURANCE COMPANIES et al. v. JOHNSON.

QUILLIAN, Judge. This is an appeal from a judgment of the superior court affirming an award of the State Board of Workmen's Compensation.

An award was entered which stated that the claimant was totally disabled and entitled to compensation under the provisions of *Code* § 114-404, as amended (Ga. L. 1937, pp. 528, 531; 1949, pp. 1357, 1358; 1955, pp. 210, 211; 1963, pp. 141, 145; 1968, pp. 3, 4). The evidence showed: that the claimant received an injury which arose out of and in the course of his employment; that he was not able to return to his employment for some time; that at the time of the hearing on a change in condition he still had disability as a result of his injury; that he had returned to his employment at a different job which had lighter duties than the one he had when he was injured; that he was forced to leave his employment at the lighter job because he was not a member of that labor union. *Held:*

Under the evidence which was presented the claimant was not totally disabled and therefore not entitled to compensation benefits as set forth in *Code* § 114-404, supra.

It is directed that this case be remanded to the State Board of Workmen's Compensation, where if necessary it shall

hear additional evidence, to determine the compensation to which this claimant is entitled.

*Judgment reversed with direction. Bell, C. J., Hall, P. J., Eberhardt, P. J., and Clark, J., concur. Pannell, Deen, Evans and Stolz, JJ., dissent.*

ARGUED OCTOBER 3, 1972—DECIDED JANUARY 8, 1973.

*Charles L. Drew,* for appellants.

*Millard C. Farmer, Jr.,* for appellee.

PANNELL, Judge, dissenting. In my opinion, the evidence, though it might have been weak, was sufficient to authorize the finding by the State Board of Workmen's Compensation that the claimant was totally disabled after he quit work and at the time of the hearing held upon the insurer's application for hearing based on change of condition. The majority opinion seems to be primarily based upon their conclusion that the claimant was forced to leave his employment at a lighter job in operating and maintaining an air compressor because he was not a member of that labor union. Prior to his injury, which broke both legs and directly injured his chest and heart, the claimant worked at what was called a job as "hole man" in the digging and drilling of foundations for buildings. After his injury he returned to work doing minor jobs as a "top man" including working on the air compressor. The claimant testified that he was switched to a top job and was taking care of the air compressor at lesser pay and that he couldn't stay on that job because he was not in the operator's local, and that if he could sit out there and run the air compressor, that was the type of work he could probably do, but that the union wouldn't let him do the work and that he hadn't been able to get in the local. He also testified that after he would do three or four hours of work his right ankle would swell and get so sore that he could hardly get any weight on it, and as he expressed it, "Well, I tried to work, work and work, just, you know, overgo it and outdo it, but it just—I just couldn't do it. *That is why I am off work right now,* I just

thought it would get better and better, after I done got pretty good shape in the left side, now, I have not too much complaining about it now." He further testified: "Well, I worked, worked on a while after I was—*after the air compressor,* I tried to stay with it. I got to where I couldn't hardly walk." (Emphasis supplied.) One of the doctors testified that following fractures of the tibia that swelling is a well-known problem, and "that should he be up for long periods of time and get swelling, I think this would be perfectly reasonable following fractures of this sort, and is a perfectly reasonable possibility." And further, "I have seen people have this kind of thing twenty-eight months and have seen people who didn't have any of it. There is no way you can say any one individual will or will not."

The judgment should be affirmed.

I am authorized to state that Judges Deen, Evans and Stolz concur in this dissent.